FIRST NAT. BANK OF BOSWELL, OKL., v. WHITESIDE.

(Court of Civil Appeals of Texas. Ft. Worth. April 22, 1911. Rehearing Denied May 27, 1911.)

APPEAL AND ERROR (§§ 742, 760*)—ASSIGNMENTS OF ERROR—INSUFFICIENT PRESENTATION—BRIEF.

Assignments of error involving weight of the evidence will not be reviewed, where they are not followed by any statement of evidence contained in the record to support them, as required by Court of Civil Appeals rule 31 (67 S. W. xvi), and where the brief does not refer to the pages of the record to show any fact proven.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3000, 3095; Dec. Dig. §§ 742, 760.*]

Appeal from District Court, Baylor County; J. A. P. Dickson, Judge.

Action by the First National Bank of Boswell, Okl., against C. S. Whiteside. From the judgment, plaintiff appeals. Affirmed.

T. J. North, D. G. Goss, and Utterback & Hayes, for appellant. Glasgow & Kenan and D. A. Holman, for appellee.

DUNKLIN, J. The First National Bank of Boswell, Okl., instituted this suit against C. S. Whiteside to recover on two promissory notes, one for the principal sum of $1,531.15, and the other for the principal sum of $1,076.25. Both notes were executed by C. D. Bransford and defendant C. S. Whiteside; but Bransford was not sued, for the reason that at the time the suit was instituted he was dead and his estate was insolvent. The plaintiff recovered a judgment for the balance due on the note first mentioned, but a recovery upon the other note was denied, and from the judgment refusing a recovery upon that note the plaintiff has appealed.

The defense urged to the second note was that defendant executed the same as an accommodation surety for C. D. Bransford, and with the understanding by and between Bransford and defendant, which was known to plaintiff, that the note should not be used, except for the purpose of taking up the note first mentioned, in the sum of $1,531.15, which defendant had likewise signed as an accommodation surety for Bransford, and which the plaintiff bank then held.

Appellant has presented only two assignments of error, in both of which the contention is made that the evidence clearly showed that plaintiff was a bona fide holder of the note last mentioned, having acquired the same for a valuable consideration before maturity and without notice of any defense against it. The assignments of error are not followed by any statement of any evidence contained in the record to support the proposition contained in the assignments, as required by rule 31 (67 S. W. xvi) governing the preparation of briefs to be filed in the Courts of Civil Appeals. Nowhere in the brief do we find any reference to the pages of the record to show any fact proven upon the trial. In order to determine whether or not the proof upon the trial was as contended in the assignments, it would be necessary for us to search the entire record. Appellee has objected to a consideration of the assignments, for the reason that they are not presented in compliance with the rule above cited, and we sustain the objection.

The two assignments of error being thus eliminated, leaving none other to be considered, it follows that the judgment must be affirmed; and it is so ordered.